**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0834-19T2

AUDREY WILSON,

      Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

      Respondent.

_____

Submitted November 16, 2020 – Decided December 4, 2020

Before Judges Fasciale and Mayer.

On appeal from the New Jersey State Parole Board.

Audrey Wilson, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Audrey Wilson appeals from a September 25, 2019 final agency decision of the New Jersey State Parole Board (Board) denying her parole and imposing an eighty-four-month future eligibility term (FET). We affirm.

On December 3, 1990, Wilson pleaded guilty to conspiracy to murder, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:11-3. In accordance with the plea agreement, on January 11, 1991, she was sentenced to an aggregate term of life in prison, with a mandatory minimum term of thirty years.

Wilson became eligible for parole for the first time on April 21, 2019. On December 7, 2018, a hearing officer referred the matter to a two-member Board panel for review.

Wilson was denied parole by the two-member panel on March 21, 2019. In determining there was a reasonable likelihood Wilson would violate conditions of her parole if released, the panel cited: the facts and circumstances of the offense, noting Wilson aided in the stabbing death of her mother while her mother was sleeping; commission of persistent disciplinary infractions, resulting in the loss of commutation time and confinement in detention; insufficient problem resolution, including a failure to sufficiently address a substance abuse problem and a lack of understanding and remorse for her crime; and the results of an objective risk assessment evaluation indicating a "low-

medium" risk of recidivism. The panel also acknowledged the following mitigating factors: participation in programs specific to behavior; participation in institutional programs; favorable institutional adjustment; attempts to enroll in programs; and achieving a bachelor's degree while incarcerated.

The matter was referred to a three-member panel for establishment of an FET outside of the administrative guidelines. On June 17, 2019, the three-member panel issued an eight-page written decision and established an eighty-four-month FET. The three-member panel based its decision on the same factors identified by the two-member panel and considered letters of mitigation submitted on behalf of Wilson.

Wilson appealed the decisions rendered by the panels to the full Board. On September 25, 2019, the Board affirmed the decisions to deny parole and impose an eighty-four-month FET.

On appeal, Wilson argues:

> POINT I
>
> THE DECISION BY THE PAROLE BOARD WAS ARBITRARY, AN ABUSE OF DISCRETION, DID NOT COMPORT WITH THE LAW, AND WAS NOT SUPPORTED BY SUBSTANTIAL CREDIBLE EVIDENCE IN THE RECORD.

POINT II

THE PAROLE BOARD ABUSED ITS DISCRETION
WHEN IT IMPOSED AN EXCEPTIONAL FUTURE
ELIGIBILITY TERM (FET) IN THIS CASE.

Our review of a parole board's decision is limited. Hare v. N.J. State Parole Bd., 368 N.J. Super. 175, 179 (App. Div. 2004). We "must determine whether the factual finding could reasonably have been reached on sufficient credible evidence in the whole record." Ibid. (citing Trantino v. N.J. State Parole Bd., 166 N.J. 113, 172, modified, 167 N.J. 619 (2001)). We will overturn a Parole Board's decision only if it is arbitrary and capricious. Perry v. N.J. State Parole Bd., 459 N.J. Super. 186, 193 (App. Div. 2019). An appellate court must not substitute its judgment for that of the agency, and an agency's decision is accorded a strong presumption of reasonableness. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002). The appellant bears "[t]he burden of showing that an action was arbitrary, unreasonable or capricious." Ibid.

The Board must consider the factors enumerated in N.J.A.C. 10A:71-3.11(b)(1)-(23) in making its decision. The Board, however, is not required to consider each and every factor; rather, it should consider those applicable to each case. McGowan, 347 N.J. Super. at 561.

A-0834-19T2

We have considered Wilson's contentions and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed by the Board in its cogent decision. We add the following remarks.

The Board considered each of Wilson's arguments and explained, in detail, why her contentions lacked merit. The Board specifically rejected Wilson's claim that the panel members acted unprofessionally during the hearing by "belittl[ing] [her] explanation as to [her] motive, stating 'so your mom was mean to you – get over it'" and mocking her religious faith by "stating 'everybody gets religion when they come to prison.'" The Board listened to the electronic recording of the hearing and found "no evidence to support [the] allegation of improper conduct by any Board members." The Board concluded Wilson was "asked appropriate questions in a professional manner and the Board panel afforded [her] ample time and opportunity to ask and answer questions and to speak on several points." Based on the recording, the Board rejected Wilson's claim that the panel was "unprofessional and demeaning" toward her during the hearing.

The Board's action was consistent with the applicable law. The decision was not arbitrary or capricious, and there is substantial credible evidence in the record to support the denial of parole. The Board's determination addressed

each of the arguments raised by Wilson and explained why it rejected her arguments.

Likewise, we are satisfied the eighty-four-month FET imposed by the Board is supported by the record and is not arbitrary and capricious. An FET outside the standard guidelines may be established if the standard FET is inappropriate based on the inmate's lack of satisfactory progress in reducing the likelihood of criminal behavior. N.J.A.C. 10A:71-3.21(d).

Here, the three-member panel found that, even after thirty years of incarceration, Wilson lacks adequate understanding of "the personality defects and emotional dynamics that impelled [her] to participate in the murder of [her] mother." The Board determined Wilson lacked genuine remorse and an understanding of the motivation for her criminal actions, requiring additional time for her to participate in counseling to address "the emotional dynamics that affect [her] anti-social thinking."

In sum, on this record, we have no reason to second-guess the Board's findings or conclusions and defer to its expertise in these matters.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0834-19T2